UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILLYNNE ZELLER,

Plaintiff,

v.

NORTHERN BIOMEDICAL RESEARCH, INC., et al.,

Defendants.

______________________________________/

Case No. 1:22-cv-1103

HON. ROBERT J. JONKER

**ORDER**

This securities litigation matter has been pending since November 22, 2022. Defendants moved to dismiss the operative Second Amended Complaint over three years ago. The Court denied Defendants' motion to dismiss. The dispositive motion deadline passed over two years ago. Trial is set to commence in a little over a week. Presently before the Court is Defendants' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Mot., ECF No. 485). The motion is untimely. This is not a close question.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). As noted by another federal district judge, in an opinion with significant persuasive value issued just last month, "[t]he plain text of the rule forecloses the use of Rule 12(c) on the eve of trial," after "the parties ha[ve] completed discovery, filed their [final pretrial papers], exchanged exhibit and witness lists, submitted motions *in limine*, and [have] fully engaged in trial preparation." *Nieves v. McDonough*, No. CV 23-1460 (GLS), 2026 WL 1872275, at *2 (D.P.R. June 29, 2026). Additionally, the motion fails to comply with the Court's scheduling, dispositive motion, and case management orders, further showing that

Defendants "cannot plausibly contend that [their] Rule 12(c) motion was filed 'early enough not to delay trial.'" *Id.*; *accord Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (suggesting that late motions like the one presently before the Court may be viewed as a request to modify the Court's scheduling orders without good cause). In fact, Defendants admit that their motion would necessarily delay trial because they drop a footnote seeking a stay, which would obviously prejudice Plaintiff. *See Nieves*, 2026 WL 1872275 at *2.

Furthermore, Defendants raised many of the same arguments at issue in their Rule 12(c) motion in their original motion to dismiss the operative complaint (*see generally* Mot. to Dismiss, ECF No. 77). The Court denied the motion (Op. & Or., ECF No. 108). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." W.D. Mich. LCivR 7.4(a); *see also Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (stating that the local rules of a United States District Court "have the force of law"). Defendants seek to alter or expand on arguments that they could have made—and largely did make—years ago at the motion dismiss stage of these proceedings. That is not a valid ground for reconsideration. *See* W.D. Mich. LCivR 7.4(a).

Accordingly:

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (ECF No. 485) is **DENIED**.

Dated: September 10, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE